MASON v. HUMBLE OIL & REFINING CO. et al.

No. 8537.

Circuit Court of Appeals, Fifth Circuit.

Feb. 24, 1938.

Fred L. Williams, of Houston, Tex., and Jas. W. Wayman, of Galveston, Tex., for appellant.

Felix A. Raymer and Harold R. Moore, both of Houston, Tex., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

B. A. Mason, a practicing attorney at law, sued Conrad & MacDonald, Inc., and Humble Oil & Refining Company to set aside his deed to the first named defendant conveying certain oil interests which in turn had been conveyed to the last named. Relief was denied him, and he appeals.

Mason's contention is that his deed was sent to a bank to be held in escrow for ten days for examination of the title on condition that the purchaser put up with the bank $1,200 in cash for the purchase, and on approval of the title within ten days the deed was to be delivered and the money remitted to Mason; that the cash was not put up, but nevertheless on the ninth day the bank accepted the purchase money and delivered the deed; and this was unknown to Mason till shortly before he sued.

The facts are that Conrad & MacDonald, Inc., acting in behalf of Humble Oil & Refining Company, by letter of February 6, 1935, asked Mason to send the deed attached to a draft for the purchase price to the bank, with direction to allow ten days for examination of the title. Mason replied that he had sent it to the bank and given the time for title examination, but as an oil well was drilling nearby which would soon determine the value of the interest to be sold, "I think it is only fair that you put up the money at once with instructions that it be remitted as soon as I can make proper showing that the title is merchantable, or until Feby. 16." A letter to the bank accompanying the deed stated that time was given to examine the title, "but the money should be put up now pending this examination to show good faith," because of the oil well which was drilling; and it concluded thus: "With the above explanation you are instructed to collect from Conrad & MacDonald the sum of $1200 net; in consideration of the $1200 you may deliver the enclosed deed covering the rights above described and remit the $1200 to me. The deal must be closed on or before Feby. 16, 1935." Conrad went to the bank and put up his check drawn on the bank for $1,200, but he had in fact less than $100 to his credit. On February 15, the title having been approved, he gave his company's check for $1,200, taking up his own check, and the bank mailed its draft for that sum to Mason. That same day Mason received a better offer, and on February 16 telegraphed Conrad & MacDonald, Inc., "Have you taken up deed? Have better offer. Wire collect by Western Union." They telegraphed back: "Draft was paid February 15." Mason received the bank's remittance and on February 18 collected it. Oil was found February 19. In July, 1935, Mason suspected that the cash had not been deposited in the bank as he had stipulated. On October 18, 1935, he wrote Conrad & MacDonald, Inc., asking rescission for this reason and offering to return the $1,200, with interest. The bill was filed March 16, 1936.

It is contended for appellees that the immediate deposit of cash was not made a clear condition of the escrow, and also that the bank, having accepted Conrad's check as cash, was bound to honor it, so that the condition was substantially fulfilled. Assuming that a deposit of the cash was made a condition of the option for ten days which was extended to the purchaser, and that the check was not the equal of the cash, and that the bank was not in strictness authorized to accept the money and deliver the deed on February 15, nevertheless Mason must be held not entitled to rescind after eight months or to sue after thirteen months. The property involved was of a highly speculative and changing value. Promptness and diligence were due on both sides. Mason on February 16, desiring to know where he stood, inquired of Conrad & MacDonald, Inc., not whether they had put up the cash, but whether they had taken up the deed. Their reply was: "Draft was paid Feby. 15." Mason's office received this if he did not, and it was communicated to him. There is dispute as to whether a draft was attached to the deed, but the words of the telegram plainly mean that the consideration for the deed had been paid February 15. This apparently was all that Mason then thought important. He accepted the money without inquiry as to whether

**788**

the cash had been deposited in advance. No one misled him. The fair meaning of the telegram was that no money had been paid the bank until February 15. The idea that the deal might have been called off on February 15 because the cash had not been previously deposited seems an afterthought suggested in July by another attorney at law. The real purpose of requiring the deposit was to bind the purchaser in case oil should not be found. After suggestion of the true facts in July, no election to rescind was made till October, and it was not communicated to the then holder of the title. The suit was delayed five months longer. Equity will not assist in a disavowal of the transaction under these circumstances. Holmes v. Cummings, 5 Cir., 71 F.2d 364; Holman v. Gulf Ref. Co., 5 Cir., 76 F.2d 94.

Judgment affirmed.